UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE C. & KAREN MILLSTEAD h/w ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| CAVALRY PORTFOLIO SERVICES, ) | |
| LLC ) | |
| & ) | |
| ) | |
| THOMAS LAW OFFICE, PLLC ) | |
| & ) | |
| ANNE M. THOMAS *individually* ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiffs, Jesse C. & Karen Millstead, h/w, by and through their undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiffs, Jesse C. & Karen Millstead, h/w, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the

Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiffs reside in this District.

## III.   PARTIES

4. Plaintiffs, Jesse C. & Karen Millstead, h/w, are adult natural persons residing at 60 Saratoga Court, Wilkes-Barre, Pa 18702.  At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Cavalry Portfolio Services, LLC. ("Defendant, Cavalry"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the States of New York and New Jersey, with its principal place of business located at 7 Skyline Drive, Hawthorne, NY 10532.

6. Defendant, Thomas Law Firm PLLC, ("Defendant,Thomas Law Firm") is and was a professional limited liability company acting as a collection law firm with principal offices located 7 Skyline Drive, Hawthorne, NY 10532.

7. Defendant, Anne M. Thomas, ("Defendant, Anne M. Thomas"), at all times relevant hereto, is and was an attorney engaged in the business of collecting debt within the State of New Jersey with her principal place of business located at 7 Skyline Drive, Hawthorne, NY 10532.

8.      Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

9.      In Mid September, 2011, Plaintiff, Jesse, went to make a purchase with his PNC Bank card only to discover that the card was declined due to lack of funds.

10.     Plaintiff, Jesse, was unsure why there would be no money when he had just received his paycheck days earlier.

11.     At that time, Plaintiff, Jesse, called PNC Bank and was informed that the Defendant, Cavalry, had issued a levy on all of Plaintiff, Jesse's, property on or about September 16, 2011.

12.     Defendant, Cavalry's, in-house legal counsel Defendant, TLF, handled this action.

13.     The above referenced bank account is in both Plaintiffs names.

14.     Defendants, Thomas Law Firm and Anne M. Thomas, sould have but clearly did not conduct a proper investigation to determine that the Plaintiffs shared a joint account.

15.     Plaintiffs joint bank account is now frozen.

16.     Plaintiff, Jesse, received word on or about that same day from his in-laws that they had received a letter from the Defendant, Cavalry, to their home address.  **See "EXHIBIT A" (levy) attached hereto**.

17.     Plaintiff, Jesse's, in-law's reside in Hackettstown, New Jersey.

18.     Plaintiff, Jesse, lives in Pennsylvania and has never lived in New Jersey.

19.     Plaintiff, Jesse, has never lived with his in-laws.

20. Defendant, Anne M. Thomas, along with her firm, Defendant, Thomas Law Firm, had an obligation to properly investigate the address of Plaintiff, Jesse.

21. Defendant, Cavalry's, issued levy is in the amount of $7,649.91.

22. Plaintiffs state that they had approximately $1,600.00 in their PNC account.

23. Plaintiff, Jesse, is not certain but believes that Defendant, Cavalry, is collecting on a past military loan that was taken with his first wife in Nevada back in 2005.

24. Plaintiff, Karen, is not a co-signer on that loan.

25. During this same time, Plaintiff, Jesse, called Defendant, Cavalry, and spoke with an agent, "Jordan Choy", who informed him that the account was now with a different law firm and they could not speak with the Plaintiffs on the matter.

26. Defendant, Cavalry and Defendant, Anne M. Thomas, along with her firm, Defenant, Thomas Law Firm, violated the FDCPA by approving and bringing legal action against Plaintiff, Jesse, in a location where he does not reside.

27. At all times pertinent hereto, the conduct of Defendant, Thomas Law Firm, as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein and was done at the direction of Defendant, Anne M. Thomas.

28. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

## COUNT I – FDCPA

### Plaintiff v. All Defenants

30.     The above paragraphs are hereby incorporated herein by reference.

31.     At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff, Jesse, for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692i(a)(2) | Brought any legal action in a location other than where the contract was signed or where the consumer resides. |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants, Cavalry Portfolio Services, LLC, and Anne M. Thomas, individually and Thomas Law Firm PLLC, for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION

### UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)
### Plaintiff v. All Defenants

33.    Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

34.    The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendants are debt collectors pursuant to 73 Pa. C.S. § 2270.3.

35.    The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

36.    The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

37. The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

38. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

39. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

40. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

    a. Actual damages;

    b. Treble damages;

    c. An award of reasonable attorneys fees and expenses and costs of court; and

    d. Such additional relief as is deemed just and proper, or that the interests of justice require.

<u>**COUNT III**</u>
<u>**VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW**</u>
<u>**("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.**</u>

<u>**Plaintiff v. All Defenants**</u>

41. The foregoing paragraphs are incorporated herein by reference.

42. Plaintiffs and Defendants are "Persons" to 73 Pa. C.S § 201-2.

43. The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

44. The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

   a. Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   b. Defendants failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

45. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

46. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

   a. An Order declaring that Defendants violated the UTPCPL;

   b. Actual damages;

   c. Treble damages;

   d. An award of reasonable attorney's fees and expenses and cost of suit; and

   e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.  **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

          **Respectfully submitted,**

          **WARREN & VULLINGS, LLP**

**Date:  October 12, 2011**

          **BY:** ***/s/  Brent F. Vullings***
          Brent F. Vullings, Esquire

          Warren & Vullings, LLP
          93 Old York Road
          Suite 333
          Jenkintown, PA 19046
          215-745-9800    Fax 215-745-7880
          Attorney for Plaintiff
          bv@w-vlaw.com